## SMITH et al. v. BATEMAN et al.
### (No. 1224.)

(Court of Civil Appeals of Texas. El Paso. May 5, 1921.)

Mines and minerals ⬅⟿59—Pleas of after-acquired title and estoppel held sufficient to constitute defense in suit to cancel lease.

In suit to cancel an oil and gas lease, defendants' pleas of after-acquired title by plaintiff, and of estoppel through the acceptance of annual rentals under the lease without offer to return, *held* sufficient to constitute a defense to the cause of action asserted.

Error from District Court, Erath County; J. B. Keith, Judge.

Suit by Fred Smith, by his next friend, John E. Smith, John E. Smith individually, and others, against G. O. Bateman and others. To review the judgment, John E. Smith and Fred Smith, minor, bring error. Affirmed.

James W. Smith, of Cordell, Okl., for plaintiffs in error.

Chandler & Pannill and J. A. Johnson, all of Stephenville, for defendants in error.

HARPER, C. J. J. E. Smith, for himself, and as next friend for Fred Smith, a minor, and E. M. and H. C. Smith, husband and wife, whose names are signed to the appeal bond as principals, and several other parties, brought this suit against numerous named defendants to cancel a certain oil and gas lease to certain lands (described), executed by said J. E. Smith for himself and as community administrator to G. O. Bateman, upon the grounds of fraudulent representations, and that said Smith was without authority, as administrator of the community, to execute the lease, and that the lease was unreasonable, unconscionable, and unilateral.

Defendant answered (as applicable here) by general denial, and specially pleaded that the lands were the community property of said J. E. Smith and his deceased wife, Belle Smith, and that, prior to filing this suit, John E. Smith had purchased all the interests of his children, the other plaintiffs in this suit, except that of the minor, Fred Smith. That therefore all the plaintiffs except the minor were estopped to deny or question the validity of the lease, and for further grounds of estoppel alleged that they had accepted the annual rentals under the lease, and did not offer to return, etc.

Defendants set up their several interests, and prayed for partition.

Tried before the court without a jury. Judgment was entered for the minor, Fred Smith, for his undivided interest, and denied the relief asked as to the other plaintiffs, and decreed partition.

The record discloses that after the appeal bond herein was executed and filed the appellants, H. C. Smith and E. M. Smith, have abandoned their appeal, so the only questions presented are as to the rights of J. E. Smith and the minor, Fred Smith.

Assignments 1, 3, and 4 urge that the trial court erred in overruling the plaintiff's demurrer to defendant's answer, "because J. E. Smith, as community administrator, had no authority to execute the lease," assigning various reasons why the lease from him, as community administrator, was not valid. As noted above, the answer contained in addition to that defensive plea both a plea of after-acquired title by J. E. Smith as to all interests except the minor, and also plea of estoppel, and both of the latter pleas were sufficient to constitute a defense to the cause of action asserted by appellant, J. E. Smith (Texas Pacific Coal & Oil Co. v. Fox, 228 S. W. 1021; Baldwin v. Root, 90 Tex. 546, 40 S. W. 3), and the evidence as to each is sufficient to be the basis for the judgment entered against J. E. Smith; and as to the minor, the record shows that he had judgment for all of his interest in the property, and there is no appeal by the defendants.

The other assignments, 2 and 6, assert that the trial court erred in not accepting and enforcing an agreement to compromise, entered into between the parties.

The record does not show that any writings were ever signed by the parties as alleged, and there were no pleadings upon which to base a judgment for specific performance of an agreement. For these reasons the court did not err in refusing to enforce such agreement, if there was one.

Finding no error, the cause is affirmed.